IN THE UNITED STATES DISTRICT COURT, EASTERN DISTRICT
OF KENTUCKY, NORTHERN DIVISION OF ASHLAND
_____

PAUL DIAMOND, ANNE DIAMOND,
REBEKAH DIAMOND, and PAUL DIAMOND,
as legal guardian of SHANNON DIAMOND,
a legally disabled adult, individually and on
behalf of all those similarly situated

           Plaintiffs,

vs.                                                                          No:  0:18-CV-49-HRW
                                                                                Judge Wilhoit

WAFFLE HOUSE, INC.,
RIVERSIDE RESTAURANT GROUP,
LLC, WH CAPITAL, LLC,
UNKNOWN DEFENDANT(S)

           Defendants.
_____

## AMENDED COMPLAINT
_____

Come now the Plaintiffs, Paul Diamond, Rebekah Diamond, Anne Diamond, and Paul Diamond, as legal guardian for Shannon Diamond, a legally disabled adult, individually and on behalf of all persons similarly situated (referred to collectively as "Plaintiffs"), by counsel, and for their cause of action against the Defendants herein, state as follows:

### INTRODUCTION

(1)     This is a foodborne pathogen/illness class action case predicated upon patrons exposed to Hepatitis A while dining at either of the Waffle House restaurant locations in Boyd County, Kentucky, (Waffle House #1808 located at 12679 US Route 60, Ashland, Kentucky, 41102 and Waffle House #1657 located at 10606 US Route 23,

1

Catlettsburg, Kentucky, 41129) between the dates of February 12, 2018, and February 28, 2018. A Waffle House food worker infected with Hepatitis A (hereinafter "HAV") worked at each of these Boyd County, Kentucky, locations between February 12 and February 28, 2018. All patrons dining at the Boyd County, Kentucky, Waffle Houses, between February 21 and February 28, 2018 were exposed to HAV. All named Plaintiffs dined at one of the affected Boyd County Waffle Houses between February 12, 2018, and February 28, 2018, and were exposed to HAV. Plaintiffs bring this cause of action on behalf of themselves and all other similarly situated individuals dining at and/or consuming food prepared, served and/or sold by Waffle House #1657 and/or Waffle House #1808 between February 12, 2018, and February 28, 2018.

## PARTIES

(2) Plaintiff, Paul Diamond, at all times material to this action, was a resident of Jessamine County, Kentucky. Plaintiff dined at one of the affected Boyd County Waffle Houses between February 12, 2018, and February 28, 2018, and was exposed to HAV.

(3) Plaintiff, Rebekah Diamond, at all times material to this action, was a resident of Jessamine County, Kentucky. Plaintiff dined at one of the affected Boyd County Waffle Houses between February 12, 2018, and February 28, 2018, and was exposed to HAV.

(4) Plaintiff, Anne Diamond, at all times material to this action, was a resident of Jessamine County, Kentucky. Plaintiff dined at one of the affected Boyd County Waffle Houses between February 12, 2018, and February 28, 2018, and was exposed to HAV.

(5)     Plaintiff, Paul Diamond, is the legal guardian of Shannon Diamond, a legally disabled adult. Paul Diamond was appointed as full guardian and conservator of Shannon Diamond by the Lawrence District Court on April 22, 2016. An Affidavit compliant with KRS 387.300 and CR 17.03 is attached hereto and incorporated herewith. At all times material to this action, Shannon was a resident of Jessamine County, Kentucky. Plaintiff dined at one of the affected Boyd County Waffle Houses between February 12, 2018, and February 28, 2018, and was exposed to HAV.

(6)     Defendant, Waffle House, Inc., is a Georgia corporation registered as a Kentucky foreign corporation with the Kentucky Secretary of State, and may be served with process by serving a summons and true and accurate copy of the Class Action Complaint to its registered agent for service of process, Corporation Service Company, 421 W. Main Street, Frankfort, KY 40601. Based on information and belief, this Defendant was and is doing business as Waffle House #1657 and Waffle House #1808 in Boyd County, Kentucky and at all times material to this action, was carrying on in the ordinary course of business of the corporation the manufacture, preparation, service, and sale of food to its stores' customers.

(7)     Defendant, Riverside Restaurant Group, LLC, is a Kentucky limited liability company and may be served with process by serving a summons and true and accurate copy of the Class Action Complaint to its registered agent for service of process, Business Filings Incorporated, 306 W. Main Street, Suite 512, Frankfort, KY 40601. Based on information and belief, this Defendant was and is doing business as Waffle House #1657 and Waffle House #1808 in Boyd County, Kentucky and at all times material to this action, was carrying on in the ordinary course of business of the

3

company the manufacture, preparation, service, and sale of food to its stores' customers.

(8)     Defendant, WH Capital, LLC, is a Georgia limited liability company registered as a Kentucky foreign limited liability company with the Kentucky Secretary of State, and may be served with process by serving a summons and true and accurate copy of the Class Action Complaint to its registered agent for service of process, Corporation Service Company, 421 W. Main Street, Frankfort, KY 40601.  Based on information and belief, this Defendant was and is doing business as Waffle House #1657 and Waffle House #1808 in Boyd County, Kentucky and at all times material to this action, was carrying on in the ordinary course of business of the company the manufacture, preparation, service, and sale of food to its stores' customers.

(9)     The Unknown Defendant(s) is the HAV infected employee(s) who worked at either or both Waffle House #1657 and Waffle House #1808 between February 12, 2018 and February 28, 2018, serving food, preparing food or otherwise coming into contact with food, silverware, and other items used by the patrons of the two restaurants.  The Unknown Defendant(s) is being served in this case via warning order attorney pursuant to motion and certificate filed coextensive with this Complaint.

(10)    Upon information and belief, at all times pertinent hereto, the Unknown Defendant(s) was the agent, servant and/or employee of the Defendants, Waffle House, Inc., Riverside Restaurant Group, LLC, and/or WH Capital, LLC, and was acting within the course and scope of said agency, servitude and/or employment.

(11)    Class members are defined as all patrons dining at and/or consuming food prepared, served and/or sold by Waffle House #1657 and/or Waffle House #1808

between February 12, 2018, and February 28, 2018.

## JURISDICTION AND VENUE

(12) Jurisdiction is proper as Defendants at all times material to this action were doing business in and the events giving rise to this litigation took place in Boyd County, Kentucky.

(13) Venue is proper as Defendants transacted business in, maintained a place of business in and the events giving rise to this cause of action took place in Boyd County, Kentucky.

## NATURE OF THE ACTION

(14) A food service employee working for one or more of the Defendants at Waffle House #1657 and Waffle House #1808 tested positive for HAV.

(15) The HAV infected employee worked at either or both Waffle House #1657 and Waffle House #1808 between February 12, 2018 and February 28, 2018, serving food, preparing food or otherwise coming into contact with food, silverware, and other items used by the patrons of the two restaurants, thereby exposing patrons to HAV and creating a risk that food and drink sold at the restaurants was contaminated with HAV, making all such food and drink sold during this time period adulterated and unsafe for consumption.

(16) On March 6, 2018, the Ashland-Boyd County Department of Health issued a Public Health Alert after being notified of the HAV infected employee.

(17) Consistent with CDC recommendations and the recommendations made by the public health officials responding to the subject outbreak, persons exposed to HAV by patronizing and/or dining at Waffle House #1657 and Waffle House #1808

between February 12, 2018, and February 28, 2018, were told that post-exposure treatment is recommended for all exposed-individuals if such treatment can be administered within two (2) weeks of the date of exposure, which consists of the administration by injection of an HAV vaccine.

## CLASS ACTION ALLEGATIONS

(18)   This is a class action lawsuit brought pursuant to Rule 23 of the Kentucky Rules of Civil Procedure on behalf of all patrons dining at and/or consuming food prepared by Waffle House #1657 and Waffle House #1808 between February 12, 2018, and February 28, 2018.

(19)   Putative class members were exposed to HAV at Defendants' restaurants by virtue of Defendants' employee working at Defendants' restaurants while infected with HAV between February 12, 2018, and February 28, 2018.

(20)   The individual named Plaintiffs' and putative class-members were encouraged by a Public Health Advisory notice on March 6, 2018, to obtain HAV vaccine within "14 days" after exposure for public health and personal safety reasons because of their HAV-exposure at the Defendants' restaurants.

(21)   The March 6, 2018, Public Health Advisory notice stated that "[t]he last date for post-exposure vaccine related to this announcement is March 13, 2018."

(22)   This class includes all patrons who were exposed to HAV as a direct and proximate result of: (1) exposure to an HAV infected employee of Defendants at the Defendants' restaurant; (2) consumption of food or drink that was manufactured, served and/or sold by Defendants at Defendants' restaurants between February 12, 2018, and February 28, 2018; (3) who obtained an HAV vaccination, an IG shot, or HAV blood test

because of their HAV-exposure; (4) individuals in (1), (2) and/or (3) above that suffered physical symptoms or sickness; and/or (5) individuals in (1), (2), and/or (3) above that contracted HAV a result of their exposure.

(23) Defendants' HAV infected food worker employee prepared and/or served food on numerous days and occasions at the two (2) restaurant locations between February 12, 2018, and February 28, 2018.

(24) Although information regarding the precise class size is currently unknown and within the exclusive control of Defendants and/or the applicable state and regional health departments and districts, Plaintiffs believe that the number of potential class members may exceed 1,000.

(25) Defendants' food, prepared and/or served by an employee infected with HAV and that was adulterated, unsafe, and defective as a result, was distributed and sold in high volume between February 12, 2018, and February 28, 2018, to an uncertain number of guests and patrons, making this class so numerous that joinder of all members in this case is impracticable.

(26) There are questions of law and fact common to the Class that predominate over any questions affecting individual Class Members including, but not limited to, the following:

- (a) Whether food prepared and/or served by food service employee infected with HAV is adulterated, unsafe to eat, defective, or otherwise prohibited from sale and distribution under the laws of Kentucky;

- (b) Whether Defendants are strictly liable for the sale of food prepared by or with a food service employee infected with HAV;

- (c) Whether Defendants were negligent in allowing one or more of its employees to work while infected with HAV;

7

 (d) Whether Defendants were negligent in not requiring its food-service employees to obtain HAV immunizations;

 (e) Whether Defendants were negligent in failing to properly supervise, train, and monitor its employees who were engaged in the manufacture, preparation, and delivery of the food product that Defendants served and/or sold to their patrons;

 (f) Whether Defendants were negligent in failing to notify its patrons in a timely manner that one or more of its employees worked while infected with HAV;

 (g) Whether Defendants breached their duty to prevent the exposure of and/or contamination of food, drink, and the premises at their restaurants with HAV;

 (h) Whether Defendants breached their duty to Plaintiffs and putative Class members to manufacture and serve a product that was reasonably safe in construction, that did not materially deviate from applicable design specifications, and that did not deviate materially from identical units in Defendants' product line;

 (i) Whether Defendant manufactured, served, distributed, and/or sold a food product that was adulterated, not fit for human consumption, in a defective condition, unreasonably dangerous to the Plaintiffs and putative Class members, and not reasonably safe as designed, manufactured, served and/or sold;

 (j) Whether Defendants breached their duty to exercise reasonable care in the preparation and sale of food products;

 (k) Whether Defendants breached their duty to Plaintiffs and putative Class Members to promulgate, enforce and abide by work rules, protocols and policies regarding ill employees involved in the handling, preparation, service, and sale of food to the public; and

 (l) Whether Defendants are liable for damages to all potentially exposed persons.

(27) The answer to each of these respective questions in ¶ 26 will generate a common answer capable of resolving class-wide liability in one stroke.

8

(28)   The common questions predominate over any individualized issues and/or questions affecting only individual members.

(29)   The claims of the individually named Plaintiffs are typical of the claims of the proposed or putative class, each of whom meet the class definition as set forth above.

(30)   Plaintiffs and all members of the putative class sustained injuries and damages arising out of and caused by Defendants' common course of conduct and/or same actions and/or omissions.

(31)   The damages and relief sought by the representative parties are also typical to the class and its members because of the essential identicality of the nature and process of treatment, its costs, and physical and emotional consequences amongst the class representatives and the class members.

(32)   The named representatives have common interests with the members of the class, will vigorously prosecute the interests of the class through qualified counsel, and does not have identifiable conflicts with any other potential class member and, thus, the named representative will fairly and adequately represent and protect the interests of the whole class.

(33)   Plaintiffs have retained competent counsel that are experienced in class action litigation and are experienced trial attorneys.

### SUPERIORITY OF CLASS ACTION

(34)   Class action treatment will allow those similarly situated person to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

(35)   Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

(36)   Because such common questions predominate over any individualized issues and/or questions affecting only individualized members, class resolution is superior to other methods for fair and efficient adjudication.

## COUNT I: STRICT PRODUCT LIABILITY

(37)   Defendants are the owners and/or operators of the retail food establishment that, during the exposure periods, manufactured and sold to its customers, food and drink prepared by an employee infected with HAV, and food and drink prepared within the same premises of the infected employee using equipment, tools, and food-contact surfaces that the infected employee had used, touched, or could have otherwise touched and contaminated, all in violation of food safety regulations.  See Kentucky Revised Statute § 217.290.

(38)   Defendants are the owners and/or operators of the retail food establishment that manufactured, served and sold its customers food that was prepared and/or served by an HAV-infected employee, and which was adulterated, unsafe, and in a defective condition unreasonably dangerous to the user or consumer as a result.

(39)   Defendants are the servers and sellers of the food product that injured Plaintiffs and the putative class members under the Kentucky Revised Statutes Chapter 217, and similar applicable statutes.

(40)   The contaminated food product that Defendants prepared, served and/or sold and that Plaintiffs and putative class members consumed, was a product within the meaning of Kentucky Revised Statutes Chapter 217 and similar statutes.

(41) Defendants, at all times material to this action, have been engaged in the business of selling food products to persons such as Plaintiffs and putative class members.

(42) The food product that Defendants manufactured, served and/or sold to the Plaintiffs and putative class members as consumers, was in a defective condition and unreasonably dangerous to Plaintiffs and putative class members at the time that it left Defendants' hands because it was prepared and/or served by an HAV-infected employee and, therefore, was adulterated, unsafe, and defective.

(43) The food that Defendants manufactured, served and/or sold and that was later consumed by the Plaintiffs and putative class members was adulterated, not reasonably safe in construction, not fit for human consumption, and lacked adequate warnings.

(44) Defendants are liable to Plaintiffs and its putative class members for the harm proximately caused to the Plaintiffs by their manufacture, service and sale of HAV-contaminated food that was adulterated, unsafe, and defective as a result.

### COUNT II: NEGLIGENCE AND NEGLIGENCE *PER SE*

(45) Defendants manufactured, served, distributed and sold a food product that was potentially adulterated, that was not fit for human consumption, and that was not reasonably safe as designed, manufactured, or sold.

(46) Defendants were negligent in manufacturing, distributing, and selling a food product that was adulterated with HAV, not fit for human consumption, and not unreasonably dangerous because it was contaminated with HAV.

(47)    Defendants have a duty to properly supervise, train, and monitor its employees, or the employees of its agents or subcontractors engaged in the preparation of its food products, to ensure compliance with Defendants' operating standards and to ensure compliance with all applicable health regulations mandated by the Kentucky Department for Public Health and the Kentucky Food, Drug and Cosmetic Act.

(48)    Defendants failed to properly supervise, train and monitor its employees engaged in the manufacture, preparation, and delivery of the food product that Defendants sold to its patrons as required by the Kentucky Department for Public Health and the Kentucky Food, Drug and Cosmetic Act.

(49)    Defendants owed a duty to Plaintiffs and putative class members to comply with all statutory and regulatory provisions that pertained or applied to the manufacture, distribution, storage, labeling, and sale of its food products.

(50)    Defendants breached that duty by their manufacture, distribution, service, storage, labeling, and sale of adulterated, unsafe, and unhealthy food products to Plaintiffs and putative class members.

(51)    Defendants owed Plaintiffs and putative class members the duty to exercise reasonable care in the preparation and sale of its food products, as it was reasonably foreseeable that Defendants' manufacture and sale of food products contaminated with HAV would cause injury to and harm all persons potentially exposed to HAV.

(52)    Defendants breached that duty and caused Plaintiffs and putative class members injuries by preparing and selling food that was exposed to and/or

contaminated with HAV.

(53) Plaintiffs and putative class members, as customers and patrons of Defendants, were Defendants' business invitees and, therefore, are among that class of individualized designed to be protected by the statutory and regulatory provisions pertaining to the manufacture, distribution, service, storage, labeling and sale of food by Defendants.

(54) Defendants were negligent in producing, serving and/or selling a food product exposed to and/or contaminated with HAV and in allowing one or more of their employees infected with HAV to have direct and/or indirect contact with customers and the food to be served to their customers.

(55) Defendants' negligent acts and omissions include, but are not limited to, the following:

    (a)    Failure to require that their employees be vaccinated against HAV;

    (b)    Failure to prevent one or more employees from working while infected with HAV;

    (c)    Failure to notify their patrons and the public in a timely manner that one or more of their employees worked while infected with HAV;

    (d)    Failure to prevent the contamination of food, drink, and the premises at their restaurant with HAV; and

    (e)    Failure to promulgate, enforce and abide by work rules, protocols and policies regarding ill employees involved in the handling, preparation, service and sale of food to the public.

(56) Defendants breached the aforementioned duties as alleged in the Complaint and the Plaintiffs an putative class members were injured as a direct and proximate result of those breaches.

## COUNT III: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(57) Defendants are "merchants", as defined by KRS 355.2-104.

(58) Defendants manufactured, served, distributed and sold a food product that was potentially adulterated, that was not fit for human consumption, and that was not reasonably safe as designed, manufactured, or sold.

(59) Defendants, as merchants and by selling for value food product that was potentially adulterated, that was not fit for human consumption, and that was not reasonably safe as designed, manufactured, or sold, impliedly warranted to Plaintiffs and putative class members that the food product was merchantable.

(60) Defendants breached the implied warranty of merchantability, KRS 355.2-314, by manufacturing, serving, distributing and selling a food product that was potentially adulterated, that was not fit for human consumption, and that was not reasonably safe as designed, manufactured, or sold.

(61) Defendants' breached of the implied warrant of merchantability caused Plaintiffs and putative class members injuries by preparing and selling food that was exposed to and/or contaminated with HAV.

(62) Plaintiffs and putative class members, as customers and patrons of Defendants, were Defendants' business invitees and, therefore, are among that class of individuals to whom the implied warranty of merchantability was given by Defendants.

(63) Plaintiffs and putative class members were injured as a direct and proximate result of this breach.

## DAMAGES

(64) The named Plaintiffs and those similarly situated (i.e. those persons who

fit the class definition) have suffered general and special damages as the direct and proximate result of the acts and omissions of the Defendants, which damages shall be fully proven at the time of trial. These damages are common among the representative parties and putative class members and include: (a) wage loss and loss of earning capacity, (b) past and future medical and medical-related expenses, (c) travel and travel-related expenses, (d) past, present and future physical and mental pain and suffering, (e) physical injury, (f) miscellaneous inconvenience and expense, (g) punitive damages and (h) any and all other ordinary, incidental, and consequential damages as would be anticipated to arise under the circumstances.

WHEREFORE, Plaintiffs and all those similarly situated respectfully pray the Court for relief as follows:

(a) That the Court determine that this action may be maintained as a Class action;

(b) For judgment against Defendants in an amount exceeding the minimum jurisdictional limits of this Court, including punitive damages, together with all available interest at the maximum legal rate;

(c) For Plaintiffs' costs incurred in pursuit of this matter, including a reasonable attorney's fee; and

(d) For any and all other relief to which it may appear the Plaintiffs are entitled, including trial by jury.

This 6th day of June, 2018.

> HUGHES & COLEMAN
> 1256 Campbell Lane, Suite 201
> P. O. Box 10120
> Bowling Green, KY 42102
> (270) 782-6003 Exts. 209 and 136
> FAX (270) 843-0446
> mgoff@hughesandcoleman.com
> rhartsock@hughesandcoleman.com
>
> s/Mariana Goff_____
> Mariana Goff
> Richard W. Hartsock

## CERTIFICATION

I hereby certify that on this 6th day of June, 2018, I electronically filed this document through the eFiling system which will send a notice of electronic filing to the following:

D. C. Offutt, Jr.
Matthew Mains
OFFUTT NORD ASHWORTH, PLLC
949 Third Ave., Suite 300
P. O. Box 2868
Huntington, WV  25728-2868
dcoffutt@onalegal.com
immains@onalegal.com

s/Mariana Goff_____
Counsel for Plaintiffs