Eastern District of Kentucky
F I L E D
SEP 14 2018
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

CIVIL ACTION NO. 18-49-HRW

PAUL DIAMOND, *et al.*,  PLAINTIFFS,

v.  **MEMORANDUM OPINION AND ORDER**

WAFFLE HOUSE, INC., *et al.*,  DEFENDANTS.

This matter is before the Court upon Defendant WH Capital, L.L.C.'s Motion for Partial Dismissal [Docket No. 18] and Defendants Waffle House, Inc., Riverside Restaurant Group, LLC, and WH Capital, L.L.C.'s Motion for Partial Dismissal of the Amended Complaint [Docket No. 19]. The motions have been fully briefed by the parties [Docket Nos. 18-1, 19-1, 20, 21, 22 and 23]. For the reasons set forth herein, the Court will sustain the motions.

I.

This class action is premised upon certain individuals' exposure to Hepatitis A "(HAV)"[1] while dining at the Waffle House restaurants #1808 and 1657, located in

---

[1] Hepatitis A is the most common type of Hepatitis. It is a liver disease that occurs when infected by the Hepatitis A Virus (HAV). HAV is transmitted through a fecal-oral route either by person-to-person transmission between household contacts or sex partners or by ingesting contaminated food or water. No other type of Hepatitis can be transmitted through the food supply. Symptoms include fatigue, nausea, jaundice, fever, and abdominal pain. *See generally* Hepatitis A Information for Health Professionals: Hepatitis FAQs for Health Professionals, Ctrs. for Disease Control & Prevention (June 9, 2009), http://www.cdc.gov/hepatitis/HAV/HAVfaq.htm.

Ashland and Catlettsburg, Kentucky, respectively. Plaintiffs allege that an employee of Waffle House was infected with HAV and worked at both locations between February 12 and 28, 2018, thereby exposing all individuals who dined there to Hepatitis A. [Amended Complaint, Docket No. 17, ¶ 1].

Plaintiffs' filed a class action Complaint on March 20, 2018, in Boyd Circuit Court asserting negligence / negligence *per se* and strict liability against Waffle House, Inc., Riverside Restaurant Group, LLC and WH Capital, L.L.C. ("Defendants"). [Docket No. 1-1]. Defendants filed their Notice of Removal on April 16, 2018. [Docket No. 1]. Upon motion of Defendants, this Court entered an order extending Defendants' time for filing a responsive pleading up to and including May 16, 2018, and extending Plaintiffs' time to file a Motion to Remand up to and including June 15, 2018. [Docket No. 7]. Following the filing of Defendants' dispositive motion but prior to any jurisdictional motion, Plaintiffs sought leave to file an Amended Complaint, which this Court granted. [Docket Nos. 15 and 16]. Plaintiffs' Amended Complaint asserts the aforementioned tort claims and adds a claim for breach of implied warranty for merchantability pursuant to KRS 355.2-314. [Docket No. 17].

Plaintiffs name five subclasses in their Amended Complaint:

(1) those that were exposed to Defendants' Hepatitis A positive employee;

(2) those who consumed food or drink that was manufactured, served and/or sold by Defendants' restaurants between February 12, 2018, and February 28, 2018;

(3) those who obtained an Hepatitis A vaccination, an IG shot, or Hepatitis A blood test because of their exposure;

(4) individuals in (1), (2) and/or (3) above that suffered physical symptoms or sickness; and/or

(5) individuals in (1), (2), and/or (3) above that contracted HAV a result of their exposure .

[Docket No. 17, ¶ 22].

Defendants seek dismissal of the tort claims of Subclasses 1, 2, 3 and 4, the breach of implied warranty of merchantability claims of Subclass 1, 4 and 5 as well as the breach of implied warranty of merchantability claims of all the Subclasses against Defendants Waffle House, Inc. and WH Capital, L.L.C. ("WH Capital"). By separate motion, WH Capital also seeks dismissal of all claims alleged against it.

## II.

Dismissal of a complaint is warranted under Fed.R.Civ.P. 12(b)(6) if it fails to state a claim upon which relief can be granted. In order to survive a motion to dismiss , a complaint must contain (1) enough facts to state a claim to relief that is plausible; (2) more than a formulaic recitation of a cause of actions' elements; and (3) allegations that suggest a right to relief above a speculative level. " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A complaint will withstand a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir.2009) (*quoting Iqbal*, 129 S.Ct. at 1949).

## III.

**A. Subclasses 1, 2, 3 and 4 fail to allege causes of action in tort upon which relief can be granted.**

It is axiomatic that to state a claim for negligence, as Plaintiffs seek to do, they must establish duty, breach thereof and injury. *See generally, Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 88 (Ky., 2003). Proof of injury is also an essential element of claims sounding in strict liability. *See generally, Rainer v. Union Carbide Corporation*, 402 F.3d 608 (6th Cir. 608). It is noteworthy that only the Plaintiffs in Subclass 5 allege that they actually contracted HAV. By contrast, the claims of Subclasses 1, 2 and 3 are based solely upon their **exposure to** HAV. The members of Subclasses 1, 2 and 3 have **not** alleged that they were infected with HAV or experienced physical injury arising from the infection of HAV. In Kentucky, exposure, alone, is not injury. Rather, Kentucky law requires that a plaintiff have sustained some physical injury in order for a cause of action to accrue. *Id.* at 618 (*citing Wood v. Wyeth-Ayerst Labs*, 82 S.W.3d 849, 854 (Ky, 2002). As the *Wood* Court noted, "to find otherwise would force us to stretch the limits of logic and ignore a long line of legal precedent." *Wood*, 82 S.W.3d at 854.

Further, the incubation period of hepatitis A is approximately 28 days with a range 15-50 days. *See* https://www.cdc.gov/vaccines/pubs/pinkbook/hepa.html. Thus, the window of time for Plaintiffs to develop symptoms of Hepatitis A lapsed on April 19, 2018

4

(50 days from February 28, 2018, the last day of potential exposure). As such, Plaintiffs cannot argue that there claims for injury are not yet ripe or realized.

Plaintiffs attempt to dig themselves out of their rather deep and narrow rabbit hole by contending that the preventative care those in Subclass 3 received in response to their alleged Hepatitis A exposure is sufficient to establish a physical injury. This is not the law in Kentucky. A claim for preventative care is a claim for damages; it does not allege or establish the existence of an injury. The only present physical injury that can result from Hepatitis A exposure is contracting Hepatitis.

As Subclasses 1, 2 and 3 have failed to allege actual physical injury, their claims for negligence and strict liability must be dismissed.

The tort claims of Subclass 4 fare no better. Plaintiffs define Subclass 4 as "individuals in (Subclasses) 1, 2 and/or 3 that suffered physical symptoms or sickness." [Docket No. 17, ¶ 22]. However, they do **not** allege that the "symptoms or sickness" are attributed to HAV. As Defendants point out, the only resulting "symptoms or sickness" that is actionable for the exposure to HAV is contracting HAV. Therefore, the tort claims of Subclass 4 claims fail, as a matter of law.

**B.     Subclasses 1, 4 and 5 fail to state a claim under KRS 355.2-314 upon which relief can be granted.**

KRS 355.2-314 sets forth Kentucky's implied -warranty regime. Pertaining to the sale of food or drink, it provides:

> (1) Unless excluded or modified (KRS 355.2-316), a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect

5

>       to goods of that kind. Under this section the serving for value
>       of food or drink to be consumed either on the premises or
>       elsewhere is a sale.

KRS § 355.2-314(1).

Therefore, in order for Plaintiffs to prevail on a theory of breach of the implied warranty of merchantability pursuant to KRS §355.2-314, they must demonstrate the existence of a contract for sale. Subclass 1 cannot do so; They "were exposed to Defendants' Hepatitis A positive employee." [Docket No. 17, ¶ 22]. There is no allegation, or plausible inference, that Plaintiffs in this Subclass had a contract for sale with the Defendants. These individuals allege a breach of warranty claim strictly on the basis of their physical presence in the restaurants while Defendants' Hepatitis A positive employee was present. Such claimants fail to meet the threshold of having a contract for sale, to-wit, the purchase of food or drink, as required by KRS § 355.2-314(1).

Plaintiffs argue that Defendants' use of the term "patron" somehow validates their claim for breach of the implied warranty of merchantability. Plaintiffs go so far as to quote www.dictionary.com 's definition of "patron" : as a "person who is a customer, client or paying guest, especially a regular one of a store, hotel or the like." [Plaintiffs. Docket No. 21, p. 8]. This bit of internet ephemera notwithstanding, Plaintiffs have not adequately plead the essential element of their claim - a contract for sale. As such, their claim fails.

C.  **Plaintiffs fail to state a claim for breach of implied warranty of merchantability against Waffle House, Inc. and WH Capital upon which relief can be granted.**

In order to proceed on a breach of warranty claim against Waffle House, Inc. and WH Capital, Plaintiffs must plausibly plead a 'buyer-seller relationship. *See generally, Compex Int'l Co. Ltd., v. Taylor*, 209 S.W.3d 462, 465 (Ky. 2006). Neither WH Capital nor Waffle House, Inc. had a "buyer-seller relationship" with any named or putative Plaintiff. WH Capital is the lessor of the building and property upon which the restaurants operate. Waffle House, Inc. is the franchisor. There is no contract or privity of contract connecting these Defendants to Plaintiffs. Any contract for a "sale" was between Plaintiffs and Riverside Restaurant Group, Inc., the owner and operator of the restaurants.

Plaintiffs attempt to avoid dismissal by reverting to the we-simply-need-time-to-pursue-discovery argument. Yet, no amount of discovery will change the organizational structure and relationships of these entities. Dismissal is proper.

D.  **Plaintiffs fail to state any claim against WH Capital upon which relief may be granted.**

WH Capital, L.L.C., is the owner of the land and the buildings where the restaurants are located. It leased the land to Waffle House, Inc., which subleased the land and buildings to Riverside Restaurant Group, LLC. Plaintiffs have not alleged any theory of premises liability against WH Capital, L.L.C., nor is there any cognizable theory of premises liability Plaintiffs could allege. Kentucky does not recognize a cause of action against a property owner for the alleged negligence of its tenant. "As a general proposition in Kentucky, a landlord is not liable for the negligence of his tenant in the use of a leased

premises." *Carney v. Galt*, 517 S.W.3d 507, 509 (Ky. Ct. App. 2017) (*citing Farmer v. Modern Motors, Co.*, 235 Ky. 483, 31 S.W.2d 716 (1930)). *See* also, *Pinnell v. Woods*, 275 Ky. 290, 121 S.W.2d 679, 680 (1938).

Moreover, WH Capital, L.L.C., did not employ any persons at the Restaurants, nor did it prepare, manufacture, sell or distribute food in any manner at the Restaurants at any point relative to the Plaintiffs' allegations. Therefore, there is no bases for liability against it.

Plaintiffs, again, ask the Court to delay the inevitable by suggesting that dismissal is premature and discovery, needed. It would appear that Plaintiffs hope to establish a claim for vicarious liability for the alleged negligence of the other named Defendants to this matter. However, Plaintiffs have only alleged a claim of direct negligence against WH Capital and have not alleged a claim of vicarious liability for the alleged acts or omissions of the other Defendants to this case. Nor is there any valid, legal basis for the same. Discovery in this regard would be futile and this Court is not inclined to waste the time and resources of any of the parties on a fool's errand.

### IV.

Plaintiffs have failed to sufficiently allege:

1)   Claims of Subclasses 1-4 premised on Strict Liability and Negligence/Negligence *Per Se;*
2)   Claims of Subclass 1 premised on Breach of the Implied Warranty of Merchantability;
3)   Claims of Subclasses 4 and 5, who are members of Subclass 1 premised on Breach of the Implied Warranty of Merchantability;
4)   Claims of Subclasses 1-5 against Defendants, WH Capital L.L.C., and Waffle House, Inc., premised on Breach of the Implied Warranty of Merchantability; and

5) All claims against Defendant WH Capital, L.L.C.

Accordingly, **IT IS HEREBY ORDERED** that Defendant WH Capital, LLC's Motion for Partial Dismissal [Docket No. 18] and Defendants Waffle House, Inc., Riverside Restaurant Group, LLC, and WH Capital, L.L.C.'s Motion for Partial Dismissal of the Amended Complaint [Docket No. 19] be **SUSTAINED**.

This is an **INTERLOCUTORY** and **NON-APPEALABLE** Order.

This __14th__ day of September, 2018.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge